UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVERSAFE. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 4890 |
| | ) | |
| AMPLIDATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Plaintiff Cleversafe Inc.'s ("Cleversafe") motion to dismiss and/or strike Defendant Amplidata, Inc.'s ("Amplidata") counterclaims and affirmative defense, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the reasons stated below, the motions are granted.

### BACKGROUND

Cleversafe filed a patent infringement action against Amplidata, alleging that Amplidata infringed on various patents (the "Asserted Patents") by offering to sell dispersed storage systems, methods, or software. In turn, Amplidata alleged, as counterclaims and as an affirmative defense, that the Asserted Patents were invalid. Cleversafe now moves to dismiss Amplidata's second, fourth, sixth, and eighth

counterclaims (the "Invalidity Counterclaims") and moves to strike Amplidata's third affirmative defense (the "Invalidity Affirmative Defense").[1]

## LEGAL STANDARD

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the pleading must contain sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court accepts the well-pleaded factual allegations as true. *Id.* at 1950. Also, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## DISCUSSION

### I. Amplidata's Invalidity Counterclaims

Amplidata's Invalidity Counterclaims, in relevant part, state that the Asserted Patents are "invalid for failing to comply with provisions of United States patent laws, including one or more of 35 U.S.C. §§ 101-103 and/or 112." Cleversafe argues that the Court should dismiss Amplidata's Invalidity Counterclaims because Amplidata does not

---

[1] While Cleversafe initially challenged other affirmative defenses, the parties have resolved all objections not discussed in this Memorandum Opinion.

articulate the claimed invalidity, identify which, if any, of the statutory provisions apply, or provide any factual support to make the counterclaims plausible.

Amplidata responds that Cleversafe's position would impose a higher pleading standard on a defendant pleading an invalidity counterclaim than a plaintiff pleading an infringement claim. For this proposition, Amplidata relies on *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). In *McZeal*, the Federal Circuit found that the plaintiff sufficiently stated a claim for patent infringement where the plaintiff alleged ownership of the patent, identified the specific patent infringed, described the means by which the defendant infringed the patent, and identified the specific statute violated. 501 F.3d at 1357. However, Amplidata's Invalidity Counterclaims do not include the same type of factual detail held sufficient to state a patent infringement claim in *McZeal*. First, the plaintiff in *McZeal* described how the defendant infringed the patent, whereas Amplidata does not state any facts supporting why Cleversafe's Asserted Patents are invalid. Second, unlike the plaintiff's reliance on a specific statute in *McZeal*, Amplidata relies on all of the United States patent laws, "including one or more of 35 U.S.C. §§ 101-103 and/or 112." Taken together, unlike in *McZeal*, Amplidata does not allege that Cleversafe's Asserted Patents are invalid for any specific reason or under any certain statutory provision.

District courts across the country, including in the Northern District of Illinois, have reached opposite conclusions regarding whether to dismiss a factually bare

invalidity counterclaim. *Compare Groupon Inc. v. MobGob LLC*, 2011 WL 2111986, at *4-5 (N.D. Ill. May 25, 2011) (granting motion to dismiss invalidity counterclaim in the absence of any factual support), *with Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010) (denying motion to dismiss invalidity counterclaims because allegations put plaintiff on notice that the patents were invalid for failing to satisfy one or more of the conditions of patentability). This Court adopts the approach mandated by *Twombly* and *Iqbal*. According to *Twombly* and *Iqbal*, the pleading must contain sufficient facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555-56. The Court finds that an invalidity counterclaim with no factual support cannot state a plausible claim for relief. Accordingly, the Court dismisses Amplidata's Invalidity Counterclaims but permits Amplidata leave to amend to allege facts supporting the counterclaims and to identify the specific statutory provisions allegedly violated.[2]

## II.  Amplidata's Invalidity Affirmative Defense

Amplidata's Invalidity Affirmative Defense states that "[o]n information and belief, one or more claims of the [Asserted Patents] are invalid for failure to satisfy one

---

[2] Amplidata argues that amending its answer is unnecessary because it provided the factual detail supporting its Invalidity Counterclaims when it served its non-infringement, unenforceability, and invalidity contentions in compliance with the Local Patent Rules. Amplidata's argument lacks merit. The Local Patent Rules do not alter the pleading requirements under Federal Rule of Civil Procedure 8. In other words, a party is not relieved of its obligation to state a plausible claim for relief merely because the Local Patent Rules subsequently require the party to provide more detailed contentions.

or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including without limitation [Sections] 102, 103 and/or 112 thereof."

Federal Rule of Civil Procedure 8(c) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense." The United States Court of Appeals for the Seventh Circuit has held that "bare bones conclusory allegations" are insufficient to state an affirmative defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Consistent with the Seventh Circuit's holding, the federal procedural forms, which provide examples of properly alleged affirmative defenses, include some factual detail. For instance, when pleading illegality as an affirmative defense, the procedural form directs the party to describe the illegal contract terms. 1 Fed. Proc. Forms § 1:170 ("Defendant affirmatively alleges that the contract on which plaintiff brings this action is illegal . . . and therefore unenforceable, in that such contract provides for *[description of illegal contract terms]*, which are illegal."). Like Amplidata's Invalidity Counterclaims, Amplidata's Invalidity Affirmative Defense is insufficient because Amplidata alleges no more than a bare bones legal conclusion.[3] Accordingly, the Court strikes Amplidata's Invalidity Affirmative Defense but permits Amplidata leave to amend to allege facts supporting the defense.

---

[3] The parties dispute whether the plausibility pleading standard set forth in *Twombly* and *Iqbal* applies to affirmative defenses. The Court declines to resolve that issue because the Seventh Circuit's holding in *Heller* requires that affirmative defenses contain more than bare bones conclusory allegations.

## CONCLUSION

For the foregoing reasons, the Court grants Cleversafe's motions.

_____
Charles P. Kocoras
United States District Judge

Dated:  December 20, 2011