**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVERSAFE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 4890 |
| | ) | |
| v. | ) | Judge John Lee |
| | ) | |
| AMPLIDATA, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Pursuant to rules 26 and 37, Federal Rules of Civil Procedure, the defendant moved to strike what it called the plaintiff's "last minute assertion of brand new claims for the '771 Patent in its Local Patent Rule 3.1 Final Infringement Contentions, or, in the alternative, require Cleversafe to pay all of Amplidata's fees and costs associated with researching and preparing Local Patent Rule 3.1 Final Unenforceability and Invalidity Contentions for the newly-asserted claims of the '771 Patent." (Defendant's Motion to Strike Plaintiff's Final Infringement Contentions at 1) [#84]. It is the defendant's contention that the plaintiff waited until the day the final infringement and invalidity contentions were due to notify it that plaintiff was dropping all its claims under the '570 Patent as well as the claims that had previously been asserted under the '771 Patent. In their place the plaintiff substituted new contentions under the '771 Patent that "differ[ed] significantly in scope from the previously asserted claims." (Motion at 2).

In addition to citing Rule 37 as the basis for the motion, the defendant contended that a

1

monetary sanction would serve as a deterrent against future behavior that injects unpredictability in patent infringement cases in this district. *See* Motion at 11; Reply at 6. [#115]. Deterrence, of course, is precisely the goal of Rule 37. *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983). In addition, the motion was based on this court's inherent power to enforce its scheduling orders and impose sanctions. (Motion at 6). However, magistrate judges have no inherent Article III powers; they are creatures of statute and have only those powers vested in them by Congress. *Reddick v. White,* 456 Fed.Appx. 191, 193 (4th Cir. 2011).[1]

In any event, following discussions with the parties, the defendant, "in the spirit of good will," dropped the component of its motion that sought to strike the supposedly new infringement contentions and agreed only to continue that portion of its motion that sought monetary relief for the amounts expended or to be incurred in responding to the newly asserted claims under the '771 Patent. The parties, at my instigation, "agree[d] that the motions as now amended do not seek dispositive relief and involve only matters that may be "decided" / "determined" by this court under Rule 72(a), Federal Rules of Civil Procedure, and 28 USC §636 (b)(1)(A). [#108]. Further reflection has persuaded me that my assessment was in error, and that the monetary sanction sought is a "dispositive matter" under Rule 72(b) and thus outside my authority to enter an order having immediate effect, reviewable under the clearly erroneous or contrary to law standard. Rather, Seventh Circuit precedent would appear to limit my action to issuing a recommended disposition to Judge Lee reviewable by him *de novo*. *See* Rule 72(b).

---

[1] Rule 37 was cited as support for this proposition. But, being inherent, there is no need to resort to Rule 37 as a basis for the imposition of attorneys' fees. *Cf Carr v. Tillery*, 591 F.3d 909 (7th Cir. 2010).

**A.**
**The History of the Federal Magistrates Act As Applied to**
**Pretrial Sanctions Issued by Magistrate Judges**

The reaction of the courts to the Federal Magistrates Act of 1968, 28 U.S.C. § 636, was mixed, with a number of cases narrowly interpreting the Act. These restrictive decisions prompted Congress to pass extensive amendments to the Act in 1976 which were designed to "'clarify and further define the additional duties which may be assigned to a United States Magistrate...." *Gomez* v. *United States,* 490 U.S.858, 867 (1989). The amendments greatly expanded the powers of magistrates "to hear and determine any pretrial matter" except motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636 (b)(1)(A). This list is not exhaustive. *Williams v. Beemiller, Inc.,* 527 F.3d 259, 265 (2nd Cir. 2008).[2]

Rule 72, which was designed to implement § 636, introduced the terminology "dispositive" and "not dispositive" to differentiate those pretrial motions that a magistrate judge can decide by an order having independent effect, subject to reconsideration by the district court on a showing that the order is clearly erroneous or contrary to law, 28 U.S.C. § 636 (b)(1)(A); Rule 72(a), [3] from those

---

[2] While the Act did not use the terms "dispositive" and "non dispositive," the legislation as initially proposed did. It was only later in the amendment process that the bill was altered to list instead the motions enumerated in §(b)(1)(A) that a magistrate judge cannot "hear and determine." However, the legislative history of the bill continued to refer to the dispositive/nondispositive distinction. 7 Moore's Federal Practice, at 72.02 [3](1996). The dispositive/non dispositive distinction was explicitly made part of Rule 72, which was designed to implement § 636. See Advisory Committee Notes, 1983 Addition (Rule 72 "addresses court-ordered referrals of non-dispositive matters under 28 U.S.C. §636(b)(1)(A)").

[3] The Seventh Circuit has said that to be clearly erroneous, a decision must strike us as more than
(continued...)

that only allow for a recommended disposition through a report and recommendation having no independent effect, with review being *de novo*. 28 U.S.C. §636(b)(1)(B) and (C); Rule 72(b).[4] The enumerated motions in §636(b)(1)(A) are deemed "dispositive." *United States v. Raddatz*, 447 U.S. 667, 673 (1980).[5] They inform the classification of non-enumerated motions as either dispositive or nondispositive. Phrased differently, for a motion not listed in §636(b)(1)(A) to be deemed "dispositive of a party's claim or defense" under Rule 72, it should be analogous to the eight motions enumerated in 28 USC §(b)(1)(A). *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5 (1st Cir. 1999); *Bennett v. General Caster Service of N. Gordon Co., Inc*. 976 F.2d 995, 997 (6th Cir.1992). 12 Wright & Miller, Federal Practice and Procedure, §3068 (1997). *See, e.g., Williams*, 527 F.3d at 265 (a motion to remand is the functional equivalent of an order of dismissal and thus dispositive); *Woods v. Dahlberg,* 894 F.2d 187, 187 (6th Cir.1990)(*per curiam)* (denial of motion to proceed *in forma pauperis* is the functional equivalent of involuntary dismissal and, therefore, dispositive of the plaintiff's claim); *Bowers v. University of Virginia*, 2008 WL 2346033, 3 (W.D.Va. 2008)("In general, a matter is nondispositive if it does not resolve the substantive claims for relief alleged in the pleadings."). *Compare, Gomez,* 490 U.S. at 873–74(jury selection in a felony trial is dispositive for purposes of § 636(b)(1)(B) because it is "more akin to those precisely

---

[3](...continued)
just maybe or probably wrong; it must "strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *S Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001). Other circuits have adopted this piquant phrasing. *See McCormack v. Hiedeman,* 694 F.3d 1004, 1019 (9th Cir. 2012); *United States v. Branham*, 460 Fed.Appx. 538, 543 n.3 (6th Cir. 2012).

[4] Under §636(b)(1)(A) the magistrate judge is the "actual decision maker." *Retired Chicago Police Ass'n v. City of Chicago*,76 F.3d 856, 868 n.5 (7th Cir. 1996).

[5] They are included by explicit reference in §636(b)(1)(B), which permits a judge to "designate a magistrate judge to conduct hearing...and to submit to [him] proposed findings of fact and recommendations for the disposition...of any motion excepted in subparagraph (A)."

defined, 'dispositive' matters enumerated therein than the 'nondispositive,' pretrial matter[s] governed by §636(b)(1)(A)").

It is not immediately apparent why a pretrial motion for attorney's fees under Rule 37 that seeks to "redress injuries done to put-upon adversaries" in discovery, *Sambrano v. Mabus,* 663 F.3d 879, 881-882 (7th Cir. 2011), should be classified as dispositive and thus outside the authority of a magistrate judge to "hear and decide."[6] Such a motion is not included in the list of dispositive matters in §636(b)(1)(A). If Congress wanted to prohibit magistrate judges from being able to impose monetary sanctions under Rule 37, it could have included that prohibition in the catalog of prohibited matters. That it did not do, it can be argued, is a persuasive datum that it did not intend to take away that power. *Cf.*, *Jordan Bldg. Corp. v. Doyle, O'Connor & Co.,* 401 F.2d 47, 50 (7th Cir. 1968)("Had Congress intended to limit this authority to regulations proscribing common-law fraud, it would probably have said so. We see no reason to go beyond the plain meaning of the word 'any'....").

Moreover, resolution of a pretrial motion for sanctions under Rule 37 would not seem dispositive of a party's claim or defense, at least as those terms are used elsewhere in the Federal Rules of Civil Procedure. For example, Rule 8 refers to a "claim" and a "defense" as a component of a "pleading," which Rule 7 defines as a complaint or answer (or a counterclaim or answer thereto). It is certainly arguable that the drafters of Rule 72 did not, in general, intend the word claim to have a meaning different from that in Rule 8. *Cf., Brown v. Gardner,* 513 U.S. 115, 118

---

[6] Of course, if the sanction sought for the discovery infraction would result in the striking of a claim or defense or the entry of a default judgment, the motion seeking that relief could only be classified as dispositive. *See, e.g., Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10thCir.1988)(striking of plaintiffs' pleadings as discovery sanction reviewed *de novo*); *North Am. Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447, 1450 (9th Cir.1986) (dismissal of counterclaim as a discovery sanction is dispositive).

(1994)(the presumption is that a given term is used to mean the same thing throughout a statute). *Cf., Bowers, supra*, ("In general, a matter is nondispositive if it does not resolve the substantive claims for relief alleged in the pleadings."). A pretrial motion for attorneys' fees as a discovery sanction under Rule 37 does not seem to fall within that usage. Not surprisingly, Professor Moore was of the view that an issue of sanctions under Rule 37 for discovery disobedience is a pretrial matter that may be decided by a magistrate judge unless the sanction would have the effect of terminating the litigation or a claim, in which case the matter would properly be deemed dispositive. 7 Moore's Federal practice at paragraph 72.03 [2] (1996).

## B.
## The Diverging Lines of Precedent

### 1.
### The Seventh Circuit's Position

Two lines of authority have evolved. The Seventh Circuit has held that the matter of "sanctions" – the Court has used the term without qualification – is for the district court, and that a magistrate judge can only issue a report and recommendation. The first of the cases is *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). The issue involved the power of a magistrate judge to hear and decide a post-dismissal motion for sanctions under Rule 11:

> Although an award under Rule 11 is conceptually distinct from a decision on the merits, it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages. The power to award sanctions, like the power to award damages, belongs in the hands of the district judge. ... A district judge may refer a dispute about sanctions to a magistrate judge for a recommendation under § 636(b)(1)(B) or § 636(b)(3), but the magistrate judge may not make a decision with independent effect.

Two years later came *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996), which involved a request for sanction under Rule 11 and 28 U.S.C. §1927. The district

6

judge referred the motions to a magistrate judge who issued a recommended disposition. Nonetheless, the district judge did not review the report and recommendation *de novo* but reviewed it under the clearly erroneous or contrary to law standard. *Id*. at 868. The Court of Appeals reversed. Its opinion dispelled any notion that *Alpern* was limited to either Rule 11 or post-dismissal motions. In sweeping, unqualified language, the court said:

> In *Alpern v. Lieb*,... we held that a district judge may not refer a dispute regarding sanctions to a magistrate judge under § 636(b)(1)(A) because the grant or denial of a request for sanctions constitutes a dispositive matter.
>
> * * *
>
> Although the facts of *Alpern* concerned postdismissal sanctions, our analysis encompassed *all sanctions requests, whether pre- or postdismissal*. We specifically rejected the reasoning of the court in *Maisonville v. F2 America, Inc.,* 902 F.2d 746 (9th Cir.1990), *cert. denied,* 498 U.S. 1025 (1991), which held that sanctions requested prior to a decision on the merits could be referred to a magistrate judge under § 636(b)(1)(A), in favor of the reasoning that a request for sanctions, regardless of when made, is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or § 636(b)(3). [*Maisonville* was a Rule 11 case].
>
> * * *
>
> The fact that an attorney was the subject of a sanctions request does not change the fact that resolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendations *de novo*. Because that did not occur here, we will vacate the award of sanctions and remand the matter for a review of the proposed sanctions under the proper standard.

76 F.3d at 868-69 (emphasis supplied). *See also Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 883 (7th Cir. 1999)("Corvilla's first argument, that the magistrate judge should have been permitted to rule on the motion for sanctions [for noncompliance with the magistrate's orders] is without merit because a magistrate judge is without the authority to award sanctions.").

7

Some judges in the Northern District of Illinois, faithful to breadth of the language in *Chicago Retired Police Ass'n*, have concluded that a request for Rule 37 monetary sanctions is a dispositive matter. *See, e.g., Fidelity Nat. Title Insurance. Co. of New York v. Intercounty Nat. Title Insurance. Co.*, 2002 WL 1433584 (N.D. Ill. 2002)("Although the Seventh Circuit has not addressed the standard of review on a Rule 37 sanctions motion, *Retired Chicago Police Ass'n's* analysis is controlling."). Where the motion seeks monetary sanctions under, for example, 28 U.S.C. §1927, it is deemed dispositive requiring *de novo* review even though the requested sanction may have arisen in connection *with a discovery dispute. See R & B Group, Inc. v. BCI Burke Co., Inc.*, 1999 WL 754632, at *3 (N.D.Ill. 1999); *Tallman v. Freedman Anselmo Lindberg LLC*, 2012 WL 1080289 (C.D. Ill. 2012); *Branch v. City of Elmhurst*, 1998 WL 102630, at *1 (N.D.Ill. 1998).

Other district and magistrate judges, without mentioning *Retired Chicago Police Officers* – undoubtedly the case was not brought to their attention by counsel – have held that a monetary sanction pursuant to Rule 37 is not dispositive of a claim or defense, and that an award of fees is thus within the authority of a magistrate judge to determine through an order having independent effect. *See, e.g., Berry v. Ford Modeling Agency, Inc.*, 2011 WL 3648574 (N.D. Ill. 2011); *Royal Maccabees Life Insurance. Co. v. Malachinkis,* 2001 WL 290308, at *7 (N.D.Ill. 2001); *Fidelity National Title Insurance. Co. Of New York v. Intercounty Nat*. 2002 WL 193385, 1 (N.D.Ill.2002). *But compare Mintel Intern. Group Ltd. v. Neergheen,* 626 F.Supp.2d 677 (N.D.Ill. 2000).[7]

**2.**
**The Approach In Other Circuits**

The second line of authority is that motions for monetary sanctions for discovery abuse are

---

[7] In none of these cases was the issue analyzed or apparently even recognized as an issue by the parties.

8

not dispositive.

**The First Circuit**

In the First Circuit, motions for monetary sanctions under Rule 37 for discovery violations are nondispositive, as the court explained in *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 5 (1st Cir. 1999):

> We think that the terms dispositive and nondispositive as used in Rule 72 must be construed in harmony with the classifications limned in section 636(b)(1). This does not mean, of course, that dispositive motions are those excepted motions specifically enumerated in section 636(b)(1)(A), and no others. Rather, that enumeration informs the classification of other motions as dispositive or nondispositive. Motions for sanctions premised on alleged discovery violations are not specifically excepted under 28 U.S.C. § 636(b)(1)(A) and, in general, they are not of the same genre as the enumerated motions. We hold, therefore, that such motions ordinarily should be classified as nondispositive. Withal, we caution that a departure from this general rule may be necessary in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense.

**The Second Circuit**

In the Second Circuit, motions for monetary sanctions under Rule 37 for discovery violations are nondispositive. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2nd Cir. 1990). The Second Circuit's recent exegesis of the issue in *Kiobel v. Millson*, 592 F.3d 78, 97-98 (2nd Cir. 2010) is comprehensive, and all three members of the *Kiobel* panel agreed that Rule 37 sanctions were nondispositive matters, although they could not agree on how Rule 11 sanctions should be treated. *See Houston v. Manheim - New York*, 2012 WL 1193677 (2nd Cir. 2012). Judge Leval's concurring opinion in *Kiobel* discussed the impact of the 2000 Amendments to the Federal Magistrates Act, which he concluded may warrant reexamination of the issue. 592 F.3d at 96. Judge Leval explained that:

> [j]ust as prior to the 2000 amendments, Congress's express withholding of the contempt powers from magistrate judges could support an strong argument that

9

Congress intended also to withhold the power to sanction, the grant of contempt powers to magistrate judges in 2000 now powerfully supports the conclusion that Congress intended to confer sanctioning power. It is an *a fortiori* case. The power to impose a criminal conviction and a sentence of imprisonment is very substantially more awesome than the power to impose a noncriminal sanction. If Congress conferred on magistrate judges the power to impose criminal convictions for contempt, and to put contemnors in jail, why would we interpret Congress's silence on the issue of noncriminal sanctions as an implicit denial of that power?

**The Third Circuit**

The Third Circuit seems not to have decided the question, but the courts in that Circuit are of the view that it is well-established that a magistrate judge's ruling concerning discovery is non-dispositive, including Rule 37 sanctions, whether monetary or not. *See V.Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.*, 2011 WL 1344193 (D.N.J. 2011); *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *In re Educ. Assignment of Joseph R., a Student*, 2007 WL 1314620 (W.D. Pa. 2007); *Wachtel v. Guardian Life Insurance. Co.*, 232 F.R.D. 213, 217 (D.N.J. 2005); *Mruz v. Caring, Inc.*, 166 F. Supp. 2d 61, 65-66 (D.N.J. 2001); *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000); *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 209 (D.N.J. 1997)("Magistrate Judge Rosen's order concerning the admissibility of testimony and monetary sanctions [pursuant to Rule 37] is clearly not dispositive of any claim").

**The Fourth Circuit**:

The Fourth Circuit has concluded in an unpublished opinion that a motion for sanctions under Rule 37 is "*undoubtedly* a nondispositive matter covered by Rule 72." *Kebe ex rel. K.J. v. Brown*, 91 F. App'x 823, 827 (4th Cir. 2004)(emphasis supplied). *See also Tilyard v. O'Reilly Auto Parts, Inc.*, 2012 WL 5250534 (M.D.N.C.2012); *Collins v. TIAA-CREF,* 2009 WL 973106, 1 (W.D.N.C.

2009); *Bowers v. University of Virginia,* 2008 WL 2346033, 4 (W.D.Va. 2008); *Berman v. Cong. Towers Ltd. P'ship-Section I,* 325 F. Supp. 2d 590, 595 (D. Md. 2004); *Smith v. Cent. Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 472 (W.D. Va. 2002); *Manship v. Bros.*, 2012 WL 527349 (E.D. Va. 2012); *Montanile v. Botticelli*, 2009 WL 2378684 (E.D. Va. 2009)( Rule 37 sanction prohibiting plaintiff from testifying regarding the counterclaim against her was nondispositive); *Proffit v. Veneman*, 2002 WL 1758232 (W.D. Va.2002) (Rule 37 sanction barring rebuttal expert not dispositive); *Proffit v. Veneman*, 2002 WL 1758232 (W.D. Va. 2002) (Rule 37 sanction barring rebuttal expert nondispositive); *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 795 (S.D.W. Va. 2004)(Rule 37 sanctions not dispositive); *Smith v. Homecomings Fin.*, 2010 WL 4817999 (W.D.N.C. 2010).

**The Fifth Circuit**

Thirty years ago the Fifth Circuit held that monetary sanctions pursuant to Rule 37 as a discovery sanction is a matter committed to the discretion of the magistrate judge, reviewable by the district court under the clearly erroneous or contrary to law standard. *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981). More recently *Harmon v. Georgia Gulf Lake Charles L.L.C.,* 476 Fed.Appx. 31, 35 (5th Cir. 2012) found it unnecessary to reach the question of whether a motion for sanctions in which the movant seeks to conclusively establish an element of its claim or defense is a dispositive or nondispositive order for purposes of the district court's standard of review of the magistrate judge's order. The court noted the competing opinions in *Merritt v. Int'l Bhd. of Boilermakers* and *Retired Chi. Police Ass'n v. City of Chi., supra.*

**The Ninth Circuit**

The Ninth Circuit has also held that a pretrial request for monetary sanctions, whether under

11

Rule 11 or Rule 37, is nondispositive. *Bess v. Cate,* 422 Fed.Appx. 569, 572 (9th Cir. 2011); *Grimes v. San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990).

**The Tenth Circuit**

In the Tenth Circuit, motions for monetary sanctions under Rule 37 are nondispositive. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10th Cir.1988). *See* 7 J. Moore, *Federal Practice insert supra,* ¶ 72.04[2.–4] at 72–52 (where Rule 37(b) motion seeks a variety of sanctions, magistrates may grant nondispositive fee aspect and recommend treatment of dispositive sanction requested). *See also Hammond v. City of Junction City, Kansas*, 2005 WL 481574, 2-3 (10th Cir. 2010).

## C.
## The Impact on This Case

Where does this leave us? Quite simply, with the Seventh Circuit's clear holding in *Retired Chicago Police Ass'n* that *Lieb* is not limited to Rule 11 and/or post-dismissal matters. Rather, its "analysis [in *Lieb*] encompassed all sanctions requests, whether pre- or postdismissal," and that "resolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendations *de novo*." It is, the Court held, " the type of matter, not the status of the entity who is the subject of the matter, that controls for purposes of determining the provision under which a district judge may refer a matter to a magistrate judge and the extent to which a district judge may defer to the magistrate judge's determinations." *Retired Chicago Police Ass'n,* 76 F.3d at 869. The instant motion seeks monetary sanctions, and that is a dispositive matter under Seventh Circuit precedent. That is the end of the inquiry. As the Supreme Court and Seventh

Circuit have consistently held, ours is a hierarchical judiciary, and judges are bound to follow the directives of those above them in the hierarchy *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535 (1983); *Hutto v. Davis,* 454 U.S. 370, 375 (1982); *United States v. Watson*, 87 F.3d 927, 930 n.2 (7th Cir. 1996); *Thiel v. State Bar of Wisc.*, 94 F.3d 399, 404 (7th Cir. 1996). Accordingly, in ruling on the defendant's Motion for Sanctions, I am required to issue a report and recommendation to Judge Lee pursuant to Rule 72(b).

ENTERED: *[signature: Jeffrey Cole]*
UNITED STATES MAGISTRATE JUDGE

Date 11/29/12