**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVERSAFE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 4890 |
| | ) | |
| v. | ) | Judge John Lee |
| | ) | |
| AMPLIDATA, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Yesterday, I denied Cleversafe's motion for a protective order precluding Amplidata from taking the deposition of Chris Gladwin, Cleversafe's CEO and perhaps the most important witness for the plaintiff in this complicated and highly adversarial patent case.[1] While the minute order denying the motion and denying Amplidata's motion for attorneys' fees and for an order precluding Mr. Gladwin and other Cleversafe witnesses from testifying at trial on non-Markman topics, I thought it appropriate given the intensity of counsels' feeling about their respective positions that there be some further amplification and explanation.

At bottom, each side accuses the other of manipulation and gamesmanship in the scheduling – actually the non-scheduling – of Mr. Gladwin's deposition. For its part, Cleversafe contends that its reward for at all times being accommodating to Amplidata in attempting to schedule the Gladwin deposition was to be ignored for months on end. Amplidata insists that despite its best efforts to schedule the deposition, it was ignored and ill-treated. Significantly, neither party ever sought assistance from the court on this issue. That unfortunate omission has made things more complicated

---

[1] He was only one of two people listed in Cleversafe's Rule 26 disclosures. The other, Mr. Joy, also figures prominently in the present dispute. Mr. Joy is the CFO of Cleversafe and is important to the damage claim. Cleversafe has an objection of sorts to his deposition as well.

and proves the wisdom of Shakespeare's timeless admonition: "Defer no time, delays have dangerous ends." Henry VI, Part I (1592) Act III, sc. ii 1.33.

The core of Cleversafe's argument was that Judge Lee had instructed Amplidata to continue with non-Markman discovery while the Markman ruling was under consideration, and that Amplidata had "thumbed its nose" at the judge's order. Having done so, Cleversafe argued, Amplidata should not be permitted to take any non-Markman discovery from Mr. Gladwin. Of course, a district court may impose sanctions, including dismissal, on a party who fails to comply with a court order to provide or permit discovery. Fed.R.Civ.P. 37(b)(2); *Halas v. Consumer Servs., Inc.*,16 F.3d 161, 164 (7th Cir.1994). This authority enables a district court to prevent the parties to a lawsuit from "unjustifiably resisting discovery." Fed.R.Civ.P. 37 Advisory Committee Notes (1970 Amendment). But Rule 37(b)(2) was not cited in Cleversafe's brief. Instead, they relied on Rule 26(b)(2)(C)(ii), which gives the court discretion to limit discovery where a party has ample opportunity to obtain the information through discovery in the action.

At the oral argument today, the recriminations in the briefs were repeated. Of course, Amplidata had a very different view and continued to point an accusatory finger at Cleversafe as the author of all that went wrong in attempting to schedule Mr. Gladwin's deposition on Markman and non-Markman issues. After reading the extensive submissions of the parties and hearing the oral arguments, it is simply impossible to be sure who has the better of the argument. But in the end, it really does not matter.

As explained at the hearing, the sanction sought by Cleversafe – and a prohibition of a key component of discovery of a key witness is most assuredly that – would violate the doctrine of proportionality, which guides all judicial applications of sanctions, including those for abuses in

discovery. *See In re Petition of Boehringer Ingelheim Pharmaceuticals, Inc., and Boehringer Ingelheim International GmbH*, 745 F.3d 216, 227 (7th Cir.2014); *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 752 (7th Cir. 2005); *People Who Care v. Rockford Board of Ed.*, 111 F.3d 528, 534 (7th Cir. 1997); *Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir.1993). Significantly, Cleversafe could point to no harm it or Mr. Gladwin has suffered from failure to have scheduled his deposition. Quite the contrary. So far as can be ascertained, Mr. Gladwin and Cleversafe are, so far, net winners in the whole affair: Mr. Gladwin, whom we are told, is an exceedingly busy and important executive with a demanding and tight schedule, has not had to sit for any deposition and has not had to prepare as yet to be deposed. In short, there has been no expenditure of his time and his company's money to get ready for depositions that have never been scheduled.² The only demonstrable harm appears to be to the blood pressure and sensitivities of Cleversafe's lawyers based on the way they claim they've been treated.

As in almost all discovery disputes, resolution of the controversy ultimately falls within the extraordinarily broad range of discretion invested in judges by the Federal Rules of Civil Procedure. *Cf. Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.,* 436 F.3d 805, 813 (7th Cir. 2006); *Patterson v. Avery Dennison Corp*. 281 F.3d 676, 681 (7th Cir.2002); Rule 26(c), Federal Rules of Civil Procedure. But to say that a judge has discretion in a matter is the beginning and not the end of the analysis, for discretion does not permit arbitrariness. *Wells Fargo Bank, N.A. v. Younan Properties, Inc,.* 737 F.3d 465, 467- 468 (7th Cir.2013).

---

² In a lengthy telephone conference with all counsel last Friday, I ordered Cleversafe's counsel to procure dates for Mr. Gladwin's deposition should I conclude that one would be required. I was told how busy Mr. Gladwin was and that his lawyers had no dates despite their "consulting" with him about available dates. I reminded them of *Clinton v. Jones*, 520 U.S. 681 (1997) and commented that Mr. Gladwin may be a busy fellow, but if President Clinton could find the time to be deposed, so could Mr. Gladwin.

Discretion "denotes the absence of a hard and fast rule." *Langnes v. Green*, 282 U.S. 531, 541 (1931). *See also Pruitt v. Mote*, 2006 WL 3802822 (7th Cir. 2006); *Rogers v. Loether*, 467 F.2d 1110, 1111-12 (7th Cir. 1972)(Stevens, J.). Consequently, "'it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both.'" *Mejia v. Cook County, Ill.*, 650 F.3d 631, 634 (7th Cir.2011). The question in all cases involving discretionary decision is whether the district court has abused its discretion.

An abuse of discretion necessarily occurs where a court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384,405 (1990), or when no reasonable person could take the view of the judge making the decision under review. *Adams v. City of Indianapolis,* 742 F.3d 720, 727 (7th Cir.2014). *See also United States. v. Torres-Chavez,* 744 F.3d 988, 992 (7th Cir.2014)("'An abuse of discretion occurs when a district court resolves a matter in a way that no reasonable jurist would, or when its decision strikes us as fundamentally wrong, arbitrary or fanciful.' ... 'We ask only whether the district court's analytical process and result fell within the broad bounds of reasonableness.'").

Under the circumstances of this case, imposing a sanction that would *pro tanto* bar the defendants from taking the deposition of the man who is concededly the most important of the plaintiff's witnesses, would be disproportionate to any "wrong" to or "harm" supposedly suffered by Cleversafe. (And it bears repeating, Cleversafe could point to no harm).Thus, granting Cleversafe's motion would, in the circumstances of this case, be an abuse of discretion and would be contrary to various core concepts that underlie the federal system of justice.

For example, there is Rule 1 of the Federal Rules of Civil Procedure, which requires that all the Rules "be construed and administered to secure the just, speedy, and inexpensive

determination of every action and proceeding." Imposing the sanction sought by Cleversafe would not, under the circumstances of this case, further or be faithful to the goals of Rule 1. There is nothing "just" about insulating the most important of the plaintiff's witnesses from discovery on non-Markman issues merely because the parties could not agree on dates for the witness's deposition.[3] That conclusion equally obtains, in my view, even if Cleversafe has the better of the argument about fault and cooperativeness.

Further, to grant Cleversafe the relief it seeks would be antithetical to the deeply held tenet – also implicit in Rule 1 – that, absent some compelling reason, cases should be decided on the merits. *See* e.g., *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-13 (2002); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316 (1988)*; Hickman v. Taylor,* 329 U.S. 495, 500 (1948). *See also Sun v. Board of Trustees of University of IL,* 473 F.3d 799, 811 -812 (7th Cir.2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 779 (7th Cir. 2007); *Rice v. City of Chicago*, 333 F.3d 789, 785 (7th Cir. 2003); *Goodman v. Sossaman*, 902 F.2d 39 (9th Cir. 1990). To narrow substantially the permissible scope of Mr. Gladwin's deposition testimony would compromise – and for no compelling reason – the basic desideratum of the federal system of justice.

Cleversafe most assuredly can, if it chooses, file objections to this decision with the district court. Under Rule 72, the district court must modify or set aside any part of this decision that is "clearly erroneous or is contrary to law." "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S.

---

[3] Of course, if discovery were closed, and the defendant had squandered its opportunity to take the deposition, it would have no grounds for complaint.

364, 395 (1948). "To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must...strike [it] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc. v. Sterling Elec, Inc.,* 866 F.2d 228, 233 (7th 1988). *Accord S Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th 2001). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Bessemer City,* 470 U.S. 564, 574 (1985); *Surgidev Corp. v. Eye Technology, Inc,.* 828 F.2d 452, 456 (8th Cir. 1987).

## CONCLUSION

Cleversafe's motion to limit the testimony of Mr. Gladwin to non-Markman topics is denied.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/11/14