# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CLEVERSAFE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 4890 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| AMPLIDATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Cleversafe, Inc.'s ("Cleversafe") Motion to Reconsider Claim Term Constructions. For the reasons set forth below, the motion to reconsider is denied.

## Background

Cleversafe, Inc., has sued Amplidata, Inc., ("Amplidata") alleging infringement of three patents: U.S. Patent Nos. 7,953,771 ("the '771 patent"), 7,953,937 ("the '937 patent"), and 7,546,427 ("the '427 patent"). The three patents-in-suit relate to aspects of distributed data storage systems. (Def.'s Opening Claim Construction Br. 1 ("Def.'s Claim Constr. Br.").) In such a system, data is stored across multiple "nodes" rather than a single location. (*Id.*)

On September 30, 2005, Cleversafe filed U.S. App. No. 11/241,555 disclosing a system and method for storing data on a distributed data storage system. ('937 Patent, at [57], Joint Appendix 703 ("J.A.").) The method separates data into "slices" or "subsets" that are less usable than the original data unless combined with other subsets. (*Id.* at col.2 ll.54-60, J.A. 712.) The subsets are encoded using a coding algorithm, and the subsets and coded subsets are distributed over a network of storage nodes to increase security. (*Id.* at col.2 ll.60-67, J.A. 712.) The information can be recreated by retrieving the subsets and coded subsets and applying a decoding

algorithm. (*Id.* at col.3 ll.1-6, J.A. 713.) The system is "computationally efficient compared to known systems." (*Id.* at col.3 ll.6-11, J.A. 713.) On May 31, 2011, the application issued as U.S. Patent No. 7,953,937. (*Id.* at [10], [45], J.A. 703.)

On April 13, 2006, Cleversafe filed U.S. App. No. 11/403,391 as a continuation in part of U.S. App. No. 11/241,555. ('427 Patent at [63], J.A. 1.) This application disclosed a system and method for rebuilding data previously stored on a distributed data storage network when one or more nodes becomes unavailable by applying an algorithm to the available data slices. (*Id.* at col.3 ll.16-29, J.A. 21.) On June 9, 2009, the application issued as U.S. Patent No. 7,546,427. (*Id.* at [10], [45], J.A. 1.)

On December 8, 2009, Cleversafe filed U.S. App. No. 12/633,779. ('771 Patent at [22], J.A. 562.) This application disclosed a distributed data storage network in which virtual "vaults" organize and control access to data. (*Id.* at [57], J.A. 562.) On May 31, 2011, the application issued as U.S. Patent No. 7,953,771. (*Id.* at [10], [45], J.A. 562.)

On May 20, 2014, this Court entered an order construing nine terms used within these patents. Cleversafe requests reconsideration of three of these terms, which this court construed as follows:

| # | Term | Construction |
|---|---|---|
| I | "Data slice and plurality of data slices" | "Data structure consisting of a data subset and a coded value" and a "plurality of data structures each consisting of a data subset and a coded value" |
| II | "Encode, using a coding algorithm, a plurality of subsets of data to create a plurality of coded values" | "Encode, using a coding algorithm, $n$ subsets of data to create $n$ coded values" |
| III | "List of unusable storage nodes" | "List of storage nodes that have been rendered permanently unusable" |

## Legal Standard

Cleversafe brings this motion under Federal Rule of Civil Procedure 54(b), which states in pertinent part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, reconsideration is only appropriate "to correct manifest errors of law or fact, or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The Seventh Circuit further articulated that reconsideration is proper when

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform. Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal quotation marks and citation omitted); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments.").

Finally, in the context of claim construction, "[d]istrict courts may engage in rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002).

## Analysis

### I. "Data slice" and "plurality of data slices"

Cleversafe contends that the Court erred in three ways by requiring a data slice to contain one data subset and one coded value. Pl.'s Mem. Supp. Recons. 5.

#### A. Claim Broadening

First, Cleversafe argues that the Court's reliance on statements made during prosecution of the '937 patent was inappropriate because Cleversafe later broadened the claims. (*Id.*) In its claim construction order, the Court explicitly acknowledged that broadening claims is permissible as a matter of law, but found that the principle did not support Cleversafe's construction in this instance. *See Cleversafe, Inc. v. Amplidata, Inc.*, 11 C 4890, 2014 WL 2109933, at *4 n.2 (N.D. Ill. May 20, 2014). What is more, Cleversafe already made this very argument at the *Markman* hearing, stating, among other things:

> When you see what happened over what was 5-1/2 years of prosecution in the U.S. Patent Office, the dialogue between the Applicant and the examining party took the terms which originally were set out as "a correspondence between the data value and the coded value" to *broaden the claims* to allow for the plurality of the data slice, that's either a plurality of data values and a plurality of coded values or both or either or.

*Markman* Hr'g Tr. 38. (emphasis added). This Court disagreed with this argument, and Cleversafe's restatement of this argument does create grounds for reconsideration.

Cleversafe does raise one new argument with respect to claim broadening. It asserts that the language "consisting of a data subset and a coded value" precludes a data slice from

4

containing anything else, and that the prosecution history suggests data slices may contain multiple data subsets and coded values. Pl.'s Mem. Supp. Reconsideration 6-7. This argument, however, suffers from several flaws. First, the "consisting of" language, which in patent parlance excludes any unnamed elements, was offered by Amplidata in its opening claim construction brief. Def.'s Claim Constr. Br. 4. If Cleversafe wished to raise this argument, it should have done so either in its original claim construction submissions or at the *Markman* hearing. Second, Cleversafe does not identify any specific language in the prosecution history allowing data slices to contain multiple data subsets and coded values. Third, the Court analyzed the prosecution history of the '937 patent and found that "a 1:1:1 ratio must exist between a data slice, a data subset, and a coded value." *Cleversafe*, 2014 WL 2109933, at *3. Cleversafe is correct to state that the Court's construction requires a data set to contain only one data subset and one coded value, but this was precisely the Court's intent.

B. **Ambiguity in the Prosecution History**

Cleversafe next argues the Court improperly relied upon ambiguous statements in the prosecution history. Pl.'s Mem. Supp. Reconsideration 7. Specifically, Cleversafe opines that the May 3, 2010, amendment to the '937 should not be interpreted as reaffirming disavowals made in October 2009, despite the clear language that "[t]he applicant reaffirms its contention that the new claims are distinguished . . . based upon the arguments presented in the office response of 10/3/2009." *Id.* at 8. It is true that prosecution history estoppel only applies when a party makes a "clear and unmistakable disavowal of scope during prosecution." *Id.* at 3 (quoting *Creative Integrated Sys., Inc. v. Nintendo of Am., Inc.*, 526 F. App'x 927, 934 (Fed. Cir. 2013). However, the Court thoroughly analyzed the interaction of the May 3, 2010, and October 7,

5

2009, amendments and found the disavowal to be unambiguous. *Cleversafe*, 2014 WL 2109933, at *3.

Cleversafe argues that the Court should not have assumed that "10/3/2009" actually referred to the October 7, 2009 amendment. *Id.* at 8-9. Cleversafe agrees that there was no "10/3/2009" amendment, but suggests that the applicant may have meant amendments made on December 3, 2008 or May 4, 2009. *Id.* at 9. Putting aside that Cleversafe provides no factual basis for this assertion, the interaction of the May 3, 2010, and October 7, 2009, amendments was discussed at the *Markman* hearing, and Cleversafe at no point indicated a belief that "10/3/2009" referred to anything else other than the October 7, 2010, amendment. *Markman* Hr'g Tr. 35. It would therefore be improper to allow Cleversafe to raise this argument now.

Second, Cleversafe argues that prosecution history estoppel does not apply to the May 3, 2010, reaffirmation because the amendment was made to overcome a § 112 written description rejection, not a § 102 or § 103 rejection. Pl.'s Mem. Supp. Reconsideration 8-9. Neither party produced any controlling precedent holding that estoppel does or does not apply to amendments made to overcome § 112 rejections. Pl.'s Reply Supp. Mot. Reconsider 2. However, "[t]he fact that an examiner placed no reliance on an applicant's statement distinguishing prior art does not mean that the statement is inconsequential for purposes of claim construction." *Springs Window Fashions LP v. Novo Indus., LP*, 323 F.3d 989, 995 (Fed. Cir. 2003). Here, the applicant made the unambiguous statement that it "reaffirm[ed] its contention that the new claims are distinguished" based upon previous statements. Pl.'s Reconsideration Br. 8. It was therefore appropriate for the Court to consider these statements, and reconsideration is inappropriate.

### C. Claim Differentiation

Cleversafe's final argument is that the doctrine of claim differentiation precludes the Court's construction. Pl.'s Br. 4. However, Cleversafe acknowledges that claim differentiation is "not a hard and fast rule." *Id.* This issue has been argued at length in the parties' prior submissions and does not constitute a basis for reconsideration. *See, e.g.*, Pl.'s Resp. Claim Constr. Br. 9-10.

## II. "Encode, using a coding algorithm, a plurality of subsets of data to create a plurality of coded values"

Cleversafe argues that the Court misconstrued this term "[f]or the same reasons explained above . . . ." Pl.'s Reconsideration Br. 13. Because the Court has rejected those reasons, the Court also denies Cleversafe's motion to reconsider the construction of this term as well.

## III. "List of unusable storage nodes"

Lastly, Cleversafe contends that the Court inappropriately defined a "list of unusable storage nodes" as "a list of storage nodes rendered permanently unusable." *Id.* First, Cleversafe argues that the Court should not have relied upon a statement made during prosecution that "the claimed invention further requires that one or more storage nodes are rendered permanently unusable . . . ." *Id.* at 14. This statement was not made in response to a rejection by the examiner, so Cleversafe believes the statement was not a disclaimer of claim scope. *Id.* But, again, Cleversafe made this very same argument at the *Markman* hearing, and reconsideration is improper on this basis. *Markman* Hr'g Tr. 104.

## Conclusion

For the foregoing reasons, Cleversafe's motion to reconsider is denied [doc. no. 282].

**SO ORDERED**                                   **ENTER:**

**John Z. Lee**
**United States District Judge**

**Dated: October 9, 2014.**